**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| WINDSTREAM HOLDINGS, INC., *et al.*,[1] | ) | Case No. 19-22312 (RDD) |
| Debtors. | ) | (Jointly Administered) |

**INTERIM ORDER AUTHORIZING THE DEBTORS TO (I) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EMPLOYEE EXPENSES AND (II) CONTINUE EMPLOYEE BENEFITS PROGRAMS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), authorizing the Debtors to (a) pay certain prepetition employee wages, salaries, other compensation, and reimbursable employee expenses, and (b) continue employee benefits programs in the ordinary course all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York,* dated February 1, 2012; and this Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and that this is a core proceeding pursuant to 28 U.S.C. § 157(b) that this Court may decide by a final order consistent with Article III of the United States Constitution; and this Court having found that the Debtors' notice of the

[1] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of debtor entities in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Motion's request for interim relief and the opportunity for a hearing on such request were appropriate under the circumstances and that no other notice need be provided; and upon the record of the interim hearing held by the Court on the Motion on February 26, 2019; and there being no objections to the relief granted herein; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish good and sufficient cause for the relief granted herein, including that such relief is necessary to avoid immediate and irreparable harm to the Debtors and their estates and that such relief provides a material net benefit to the Debtors and their estates after taking into account the Bankruptcy Code's priority scheme and is in the best interests of the Debtors and their estates; now, therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on April 16, 2019, at 10:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on April 9, 2019, and shall be served on: (a) the Debtors, Windstream Holdings, Inc., 4001 North Rodney Parham Road, Little Rock, Arkansas 72212, Attn.: Kristi M. Moody; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Stephen E. Hessler, P.C., and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn.: Ross M. Kwasteniet, P.C., Brad Weiland, and John R. Luze; (c) counsel to any statutory committee appointed in these cases; and (d) the Office of The United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn.: Paul K. Schwartzberg and Serene Nakano and otherwise as provided in the Court's order establishing notice and case management procedures, including the provision of a copy of such pleading to the

Court's chambers. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors are authorized in their sole discretion to continue to provide, and to pay any claims or obligations on account of, the Employee Compensation and Benefits in the ordinary course and in accordance with the Debtors' prepetition policies and prepetition practices, irrespective of whether such obligations arose prepetition or postpetition; *provided that*, for the avoidance of doubt, the Debtors will not seek to pay any outstanding prepetition or postpetition claims with respect to the Reimbursable Expenses in advance of the date they come due.

4. The Debtors shall not make any non-ordinary course bonus, incentive, or severance payments to any Insiders (as such term is defined in section 101(31) of the Bankruptcy Code) without further order of this Court.

5. Pursuant to section 362(d) of the Bankruptcy Code, Employees are authorized to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum and the Debtors are authorized to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in the ordinary course. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.

6. The Debtors are authorized to forward any unpaid amounts on account of deductions or payroll taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and practices.

7. The Debtors are authorized to pay costs and expenses incidental to payment of the Employee Compensation and Benefits obligations, including all administrative and processing costs and payments to outside professionals.

8. Pending entry of the Final Order, the Debtors shall not pay any amounts on account of the Wage Obligations in excess of the statutory cap of $12,850 set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

9. The Debtors shall provide notice to the Office of the United States Trustee for the Southern District of New York, as well as to any official committee of unsecured creditors appointed in these chapter 11 cases, in the event that any Employee receives payment on account of Reimbursable Expenses in excess of $10,000.00.

10. Pending entry of the Final Order, the Debtors shall not make any payments on account of the Severance Obligations accrued prior to the Petition Date in excess of the statutory cap of $12,850 set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code. Additionally, the Debtors shall not make any payments on account of any Severance Obligations arising after the Petition Date in violation of section 503(c) of the Bankruptcy Code.

11. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Employee Compensation and Benefits obligations.

12. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order without any duty to inquire otherwise and without liability for following the Debtors' instructions.

13. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the

validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

14. Notwithstanding anything in the Motion or this Interim Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "DIP Orders"), (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities, and (iii) the Budget (as defined in the DIP Orders).

15. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Interim Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

16. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored

as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

17. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

18. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

19. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

20. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

21. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: White Plains, New York
February 28, 2019

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE