IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF
NEW YORK

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. 19-22312 |
| WINDSTREAM HOLDINGS, INC., *et al.* | |
| DEBTORS | CHAPTER 11 |

THE TEXAS TAXING JURISDICTIONS OBJECTION TO DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, AND 507 (I) AUTHORIZING THE DEBTORS TO OBTAIN SENIOR SECURED SUPERPRIORITY POSTPETITION FINANCING, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) AUTHORIZING USE OF CASH COLATERAL, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING THE AUTOMATIC STAY, (VI) SCHEDULING A FINAL HEARING, AND (VII) GRANTING RELATED RELIEF

TO THE HONORABLE BANKRUPTCY JUDGE:

NOW COMES Anderson County, Bell County Tax Appraisal District, Bosque County, Bowie County, Brazos County, Brown County, Callahan County, Cherokee Central Appraisal District, Cherokee County, Comanche County, Coryell County, Eastland County, Erath County, Floyd Central Appraisal District, Freestone County, Grimes County, Groesbeck, City of, Harrison Central Appraisal District, Harrison County, Hays County, Henderson County, Hill Central Appraisal District, Hill County, Jasper County, Leon County, Lynn County, Mexia I.S.D, City of Waco, Midland Central Appraisal District, Milam County, Newton County, Reeves County, Shackelford County, Stephens County, Taylor Central Appraisal District, Terry County, Wharton County, and Williamson County (collectively the "Texas Taxing Jurisdictions"), is a secured creditor in the above bankruptcy case, and file their Objection to **Debtor' Motion For Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, AND 507 (I) Authorizing the Debtors to Obtain Senior Secured Superpriority Postpetition Financing, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Authorizing Use of Cash Collateral, (IV) Granting Adequate Protection, (V) Modifying the**

**Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief** on the following grounds:

1. The Texas Taxing Jurisdictions are political subdivisions of the State of Texas authorized to assess and collect ad valorem taxes pursuant to the laws of the State. The Texas Taxing Jurisdictions have filed secured claims for 2019 ad valorem taxes totaling approximately $968,368.32.

2. These taxes are secured with a security interest that is superior to that of any other secured claim under the Texas Constitution, Article VIII, Section 15, and the Texas Property Tax Code, Section 32.01 and Section 32.05(b). Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987), 11 USC § 506; Universal Seismic Associates, Inc., 288 F.3d 205 (5th Cir. 2002); In Re Winn's Stores, Inc.; 177 B.R. 253 (Bktcy W.D. Tex 1995). In addition, the lien is a lien in solido and attaches to all personal property of the debtors. Texas Property Tax Code Section 32.01(b).

3. The Texas Taxing Jurisdictions object to The Motion because paragraph 5(d) states that all pre-petition and post-petition ad valorem tax liens are being primed by the DIP Lenders. The Texas Taxing Jurisdictions object to the entry of any interim or final order that purports the superior lien position of the Texas Taxing Jurisdictions. The tax liens arise on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v Cornerstone Bank, 879 S. W. 2d 264 (Tex. App. –Dallas 1994). The tax liens are *in solido* and a lien on all personal property of the Debtor. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns Store, 177 B.R. 253 (Bankr. W.D. Tex. 1995)

4. The Texas Taxing Jurisdictions object to the priming of their prepetition claims and liens, which are secured by liens that arose by operation of law and are senior to all other liens against the Debtor's property, including preexisting liens, pursuant to Texas Law.

WHEREFORE, the Texas Taxing Jurisdictions objects to The Motion and requests this Court to order appropriate provisions to assure the protection of the position of their secured tax claim and further request other such relief as is just and proper.

Dated: March 4, 2019

>Respectfully submitted,
>MCCREARY, VESELKA, BRAGG & ALLEN, P.C.
>
>*/s/Tara LeDay*
>Tara LeDay
>State Bar Number 24106701
>P.O. Box 1269
>Round Rock, Texas 78680
>Telephone: (512) 323-3200
>tleday@mvbalaw.com
>
>*Attorneys for the Texas Taxing Jurisdictions*

## CERTIFICATE OF SERVICE

I hereby certify that the above Objection to The Motion has been served upon the following parties as well as all parties receiving the Court's ECF service on March 4, 2019, by Electronic Notification.

                                             */s/Tara LeDay*
                                             Tara LeDay