**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| WINDSTREAM HOLDINGS, INC., *et al.*,[1] | ) | Case No. 19-22312 (RDD) |
| Debtors. | ) | (Jointly Administered) |

**FINAL ORDER AUTHORIZING THE DEBTORS TO (I) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EMPLOYEE EXPENSES AND (II) CONTINUE EMPLOYEE BENEFITS PROGRAMS**

Upon both the motion (the "Motion")[2] and the Supplement of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), authorizing the Debtors to (a) pay certain prepetition employee wages, salaries, other compensation, and reimbursable employee expenses and (b) continue employee benefits programs in the ordinary course, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and this Court having found that this is a

[1] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of debtor entities in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to (I) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses and (II) Continue Employee Benefits Programs* [Docket No. 18] (the "Motion") or in the *Supplement to Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to (I) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses and (II) Continue Employee Benefits Programs* [Docket No. 189] (the "Supplement").

core proceeding pursuant to 28 U.S.C. § 157(b) that this Court may decide by a final order consistent with Article III of the United States Constitution; and this Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and upon the record of the hearing held by the Court on the Motion and all of the proceedings; and after due deliberation this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, including that such relief will provide a material net benefit to the Debtors' estates and creditors after taking into account the Bankruptcy Code's priority scheme; and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion and the Supplement are granted as set forth herein.

2. The Debtors are authorized, but not directed, in their sole discretion, to continue to provide, and to pay any claims or obligations on account of, the Employee Compensation and Benefits in the ordinary course and in accordance with the Debtors' prepetition policies and prepetition practices, irrespective of whether such obligations arose prepetition or postpetition.

3. The Debtors shall not make any non-ordinary course bonus, incentive, or severance payments to any Insiders (as such term is defined in section 101(31) of the Bankruptcy Code) without further order of this Court. Nothing in the Motion, the Interim Order, or this Final Order shall constitute a determination by the Court as to whether any individual seeking payment pursuant to this Final Order is or is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.

4. The automatic stay of section 362(a) of the Bankruptcy Code, to the extent applicable, is hereby lifted to permit: (a) current or former employees to proceed with their claims (whether arising prior to or subsequent to the Petition Date) under the Workers' Compensation Program in the appropriate judicial or administrative forum;[3] (b) insurance carriers and third party administrators to handle, administer, defend, settle and/or pay workers' compensation claims and direct action claims; (c) the Debtors to continue the Workers' Compensation Program and pay any amounts relating thereto in the ordinary course of business; and (d) any insurance carriers and third party administrators providing coverage for any workers' compensation or direct action claims to draw on any and all collateral provided by or on behalf of the Debtors therefor without further order of the Bankruptcy Court if and when the Debtors fail to pay and/or reimburse any insurance carriers and third party administrators for any amounts in relation thereto. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program and direct action claims.

5. The Debtors are authorized to forward any unpaid amounts on account of deductions or payroll taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and practices.

6. The Debtors are authorized to pay costs and expenses incidental to payment of the Employee Compensation and Benefits obligations, including all administrative and processing costs and payments to outside professionals.

7. The Debtors shall provide notice to the Office of the United States Trustee for the Southern District of New York, the Official Committee of Unsecured Creditors (the "Committee"),

[3] For the avoidance of doubt, the term Workers' Compensation Program shall include all workers' compensation insurance policies issued or providing coverage at any time to the Debtors or their predecessors, whether expired, current or prospective, and any agreements related thereto.

and any other official committee appointed in these chapter 11 cases, in the event that any Employee receives payment on account of Reimbursable Expenses in excess of $10,000.00.

8. The Debtors shall not make any payments, including on account of any Severance Obligations or bonus, arising after the Petition Date in violation of section 503(c) of the Bankruptcy Code.

9. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Employee Compensation and Benefits obligations.

10. Nothing herein (a) alters or amends the terms and conditions of the Workers' Compensation Program including, but not limited to, (i) the obligation, if any, of any insurer or third party administrator to pay any amounts within a deductible and the right, if any, of an insurer or third party administrator to seek reimbursement from the Debtors therefor, (ii) the obligation, if any, of the Debtors to reimburse any insurer or third party administrator for defense costs, and (iii) the right, if any, of any insurer or third party administrator to draw on and apply any collateral to the obligations, if any, in subparagraphs (i) and (ii), above, to the extent that the Debtors fail to reimburse the insurer or third party administrator therefor (and, to the extent necessary, the automatic stay of section 362 of the Bankruptcy Code is hereby modified to permit such); (b) relieves the Debtors of any of their other obligations under the Workers' Compensation Program; (c) creates or permits a direct right of action against an insurance carrier or third party administrator; or (d) precludes or limits, in any way, the rights of any insurance carrier to contest and/or litigate the existence, primacy and/or scope of available coverage under the Workers' Compensation Program.

11. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized

and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order without any duty to inquire otherwise and without liability for following the Debtors' instructions.

12. For the avoidance of doubt, the Debtors are authorized, but not directed, to continue using the credit cards issued under the Debtors' Bank of America employee credit card program (the "Purchase Card Program") and the Purchase Card Program in the ordinary course of business and consistent with prepetition practices, including by paying any obligations outstanding with respect thereto. The Debtors are further authorized, but not directed, to continue operating the collateral account ending in 5832, which serves as a collateral account for certain obligations under the Purchase Card Program, (the "Collateral Account") in the ordinary course of business in accordance with paragraph 3 of this Final Order. The terms and conditions of the prepetition Purchase Card Program shall remain in effect, the Collateral Account shall continue to secure all prepetition obligations with respect to the Purchase Card Program and the Collateral Account shall also secure all obligations with respect to the Purchase Card Program arising postpetition, without any additional documentation executed between the Debtors and Bank of America.

13. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the rights of the Debtors or the Committee to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any

agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' or the Committee's rights to subsequently dispute such claim.

14. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

15. Notwithstanding anything in the Motion, the Interim Order, or this Final Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "DIP Orders"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Budget (as defined in the DIP Orders).

16. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Final Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

17. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

18. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

19. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

20. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

21. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: White Plains, New York
April 22, 2019

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE