Hearing Date: June 17, 2019 at 10:00 a.m. (Eastern)

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
Erica J. Richards

*Counsel to the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| WINDSTREAM HOLDINGS, INC., *et al.*, | ) Case No. 19-22312 (RDD) |
| Debtors.[1] | ) (Jointly Administered) |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
REGARDING THE DEBTORS' MOTION TO EXTEND THE DEBTORS' EXCLUSIVE
PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES
THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

The Official Committee of Unsecured Creditors (the "Committee") of Windstream Holdings, Inc. and its debtor affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this statement ("Statement") regarding the *Debtors' Motion to Extend the Debtors' Exclusive Periods to File a Chapter 11*

---

[1] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of debtor entities in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

ny-1665373

*Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code* [Docket No. 581] (the "Exclusivity Motion").[2] In support of this Statement, the Committee respectfully represents as follows:

## BACKGROUND

1. On February 25, 2019 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

2. These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 56], entered on February 28, 2019.

3. On March 12, 2019, the United States Trustee for Region 2 appointed the Committee [Docket No. 135].[3]

4. On March 27, 2019, the Debtors filed the Exclusivity Motion. In the Exclusivity Motion, the Debtors request a 270-day extension of their exclusive period to file a plan from June 25, 2019 to March 23, 2020 and a 330-day extension of their exclusive period to solicit votes thereon from August 24, 2019 to May 22, 2020.

## STATEMENT

5. Since the Petition Date, the Committee has worked with the Debtors and other stakeholders to ensure that the Debtors' exit from chapter 11 is value maximizing. Despite open

---

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Exclusivity Motion.

[3] The members of the Committee are: (a) Pension Benefit Guaranty Corporation; (b) Communication Workers of America, AFL-CIO, CLC; (c) AT&T Services, Inc.; (d) VeloCloud Networks, Inc.; (e) Crown Castle Fiber; (f) LEC Services, Inc.; and (g) UMB Bank.

ny-1665373

channels of communication, it is too early to engage in meaningful restructuring discussions with the Debtors. Indeed, the Committee's professionals just received the Debtors' business plan and related materials earlier today. It is impossible to form any concrete views regarding a reorganization plan until the business plan has been fully vetted.

6. The Committee is aware of the circumstances leading up to the Debtors' bankruptcy filing, and is sympathetic to the Debtors' need to extend its exclusive periods to file a plan and solicit acceptances thereof at this time. However, the Committee believes that the Debtors' request for a 270-day extension of their plan filing exclusivity period (and a 330-day extension of their plan solicitation exclusivity period) is unwarranted. Since the filing of the Exclusivity Motion, the Committee has worked with the Debtors, as well as other stakeholders, to resolve this issue. As a result of these discussions, the Debtors have agreed to reduce the requested extension of their plan filing exclusivity period to 180 days and their plan solicitation exclusivity period to 240 days. The Committee believes that these extensions are reasonable under the circumstances and adequately balance the Debtors' need for additional time and the rights of the Committee and other interested parties. Accordingly, the Committee does not oppose approval of the Exclusivity Motion as modified as set forth herein.[4]

---

[4] The Committee reserves all rights, including its right to seek to terminate exclusivity during the extension term should circumstances warrant.

3

ny-1665373

Dated: June 11, 2019
      New York, New York

Respectfully submitted,

*/s/ Lorenzo Marinuzzi*
MORRISON & FOERSTER LLP
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
Erica J. Richards
250 W 55th St.
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Official Committee of Unsecured Creditors*