Hearing Date: July 26, 2019, at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: July 23, 2019, at 4:00 p.m. (prevailing Eastern Time)

| | |
|---|---|
| Stephen E. Hessler, P.C. | James H.M. Sprayregen, P.C. |
| Marc Kieselstein, P.C. | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| Cristine Pirro Schwarzman | Brad Weiland (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | **KIRKLAND & ELLIS LLP** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 601 Lexington Avenue | 300 North LaSalle Street |
| New York, New York 10022 | Chicago, Illinois 60654 |
| Telephone:   (212) 446-4800 | Telephone:   (312) 862-2000 |
| Facsimile:   (212) 446-4900 | Facsimile:   (312) 862-2200 |

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| WINDSTREAM HOLDINGS, INC., *et al.*,[1] | ) ) | Case No. 19-22312 (RDD) |
| Debtors. | ) ) ) | (Jointly Administered) |

## NOTICE OF HEARING ON DEBTORS' MOTION
## FOR ENTRY OF AN ORDER APPOINTING A MEDIATOR

**PLEASE TAKE NOTICE** that on July 12, 2019, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion for Entry of an Order Appointing a Mediator* (the "Motion"). A hearing (the "Hearing") on the Motion will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **July 26, 2019, at 10:00 a.m. (prevailing Eastern Time)**.

---

[1] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Final Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 392] (the "Case Management Order") approved by the Court; (c) be filed electronically with the Court on the docket of *In re Windstream Holdings, Inc.*, Case 19-22312 (RDD) by registered users of the Court's electronic filing system and in accordance with the General Order M-399 (which is available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **July 23, 2019, at 4:00 p.m., prevailing Eastern Time**, by (i) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at http://www.kccllc.net/windstream) and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the Motion to be heard at the Hearing.

      **PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained free of charge by visiting the website of Kurtzman Carson Consultants LLC at http://www.kccllc.net/windstream. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

| | |
|---|---|
| Dated: July 12, 2019<br>New York, New York | */s/ Stephen E. Hessler*<br>Stephen E. Hessler, P.C.<br>Marc Kieselstein, P.C.<br>Cristine Pirro Schwarzman<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:   (212) 446-4900<br><br>- and -<br><br>James H.M. Sprayregen, P.C.<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Brad Weiland (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:   (312) 862-2200<br><br>*Counsel to the Debtors and Debtors in Possession* |

Hearing Date: July 26, 2019, at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: July 23, 2019, at 4:00 p.m. (prevailing Eastern Time)

| | |
|---|---|
| Stephen E. Hessler, P.C. | James H.M. Sprayregen, P.C. |
| Marc Kieselstein, P.C. | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| Cristine Pirro Schwarzman | Brad Weiland (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | **KIRKLAND & ELLIS LLP** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 601 Lexington Avenue | 300 North LaSalle Street |
| New York, New York 10022 | Chicago, Illinois 60654 |
| Telephone:   (212) 446-4800 | Telephone:   (312) 862-2000 |
| Facsimile:   (212) 446-4900 | Facsimile:   (312) 862-2200 |

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WINDSTREAM HOLDINGS, INC., *et al.*,[2] | ) | Case No. 19-22312 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER APPOINTING A MEDIATOR**

Windstream Holdings, Inc. and its debtor affiliates as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") respectfully state the following in support of this motion.

**Introduction**

1. A resolution of issues regarding the Uniti Arrangement[3] is central to these chapter 11 cases. The Debtors have determined, after an extensive investigation, that they hold compelling

---

[2] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

[3] "Uniti Arrangement" means that certain agreement styled as a Master Lease, dated as of April 24, 2015 (as amended by that certain Amendment No. 1 to Uniti Arrangement, dated February 12, 2016), among CSL National, LP and the entities set forth on Schedule 1 thereof, as landlord (collectively, "Uniti"), and Windstream Holdings, Inc., as tenant.

claims related to the Uniti Arrangement. Among other claims, the Debtors believe the Uniti Arrangement is not a true lease, and instead should be recharacterized as a financing transaction. The Debtors are finalizing a complaint reflecting these claims and expect to file the complaint in the very near term. The Debtors also believe, however, that a negotiated resolution to issues regarding the Uniti Arrangement could potentially be more cost-effective and beneficial to these chapter 11 estates than protracted litigation.

2.      To that end, in parallel with the ongoing investigation and complaint preparation, the Debtors have engaged in commercial discussions with Uniti regarding changes to the relationship between the parties and, correspondingly, amendments to the Uniti Arrangement. The Debtors have also informed their key creditor constituencies of their investigation into claims against Uniti and have kept these constituencies apprised of discussions with Uniti. It has become clear, through these discussions and preliminary proposals, that the Debtors and Uniti hold very divergent views and are far apart regarding the treatment of, and necessary changes to, the Uniti Arrangement. The Debtors do not believe that further discussions with Uniti are likely to be productive outside of the context of a formal mediation proceeding. Uniti has also agreed to submit to mediation, presenting a potential opportunity to reach a consensual resolution. In the meantime, the Debtors expect to commence litigation to resolve these issues in the event mediation is not successful.

3.      Mediation overseen by a Court-appointed mediator would provide a stable foundation on which to attempt to build a consensual resolution to these issues. The issues at hand are ripe for mediation in light of, among other things, the advanced stage of the Debtors' investigation, the lack of progress on discussions between the Debtors and Uniti, and the desires of the Debtors, Uniti, and other key creditor constituents to participate in a resolution of the Uniti

Arrangement. The appointment of a mediator would allow all key constituents to come together in a single forum to express their views and work together towards resolution. Mediation could potentially spare the estates from incurring unnecessary litigation-related costs and could expedite the resolution of a central issue in these chapter 11 cases (and therefore the Debtors' emergence from chapter 11).

4. Most importantly, the Debtors and Uniti have agreed to mediation to attempt resolve these issues. The Debtors have also raised the possibility of mediation with other constituents and hope and expect that other key stakeholders will participate in the mediation. No party has objected to mediation.[4] For the reasons described in this motion, the Debtors respectfully request that the Court enter an order appointing a mediator in these chapter 11 cases.

### Relief Requested

5. By this motion, the Debtors seek entry of an order substantially in the form attached hereto as **Exhibit A** (the "Order"), appointing a mediator, which would allow the Debtors, Uniti, and certain other creditor constituencies in these chapter 11 cases as set forth in the Order (collectively, the "Parties") to participate in mediation.

### Jurisdiction and Venue

6. The United States Bankruptcy Court for the Southern District of New York has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court

---

[4] Certain parties, including JPMorgan Chase Bank, N.A., in its capacity as administrative agent under the Debtors' Prepetition Credit Agreement dated as of April 24, 2015 (as amended, supplemented, or otherwise modified), have already affirmatively agreed to participate, and the Debtors anticipate other parties will do the same before the July 26, 2019 hearing on this motion

in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The bases for the relief requested herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 9019, Rule 9019-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and Rule 1.1 of the Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings for the Bankruptcy Court for the Southern District of New York (the "Mediation Procedures Rules").

**Background**

9. The Debtors are a leading provider of advanced network communications and technology solutions for businesses across the United States. The Debtors also offer broadband, entertainment and security solutions to consumers and small businesses primarily in rural areas in 18 states. Additionally, the Debtors supply core transport solutions on a local and long-haul fiber network spanning approximately 150,000 miles and have over 11,000 employees.

10. On February 25, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of certain facts and circumstances surrounding these chapter 11 cases is set forth in the *Declaration of Tony Thomas, Chief Executive Officer and President of Windstream Holdings, Inc., (I) in Support of Debtors' Chapter 11 Petitions and First Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2* [Docket No. 27] (the "First Day Declaration"), filed on the Petition Date.

11. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 56]. The

4

Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 12, 2019, the United States Trustee for the Southern District of New York appointed the creditors' committee pursuant to section 1102 of the Bankruptcy Code [Docket No. 136].

### Basis for Relief

12.   Mediation offers a swift, cost-effective means of reaching consensus and provides a path for the Debtors, Uniti, and other parties in interest to engage in an organized process to negotiate a global resolution of issues regarding the Uniti Arrangement, on which issues certain of the parties have vastly different views at present. The Court has the power to direct a mediated resolution under section 105 of the Bankruptcy Code and Mediation Procedures Rule 1.1, which states that the "Court may order assignment of a matter to mediation upon its own motion, or upon a motion by any party in interest or the U.S. Trustee." *See* S.D.N.Y. Bankr. L.R. 9019-1; *see also In re Atl. Pipe Corp.*, 304 F.3d 135, 140 (1st Cir. 2002) ("There are four potential sources of judicial authority for ordering mandatory non-binding mediation of pending cases, namely, (a) the court's local rules, (b) an applicable statute, (c) the Federal Rules of Civil Procedure, and (d) the court's inherent powers."); *In re A.T. Reynolds & Sons, Inc.*, 424 B.R. 76, 85 (Bankr. S.D.N.Y. 2010) ("While it goes without saying that a court may not order parties to settle, this Court has authority to order the parties to participate in the process of mediation, which entails discussion and risk analysis.") *rev'd on other grounds*, 452 B.R. 374 (S.D.N.Y. 2011); *Bruno v. Mona Lisa at Celebration, LLC (In re Mona Lisa at Celebration, LLC)*, 410 B.R. 710, 716-17 (Bankr. M.D. Fla. 2009) (ordering mediation under section 105(a) where "both judicial economy and common sense dictate[d] that the parties, or if needed, the Court resolve [the matter] in an organized and unified manner").

13. Mediation provides the least expensive means to a resolution. Litigating all procedural and substantive issues related to the Uniti Arrangement would give rise to extensive discovery costs, additional professional fees and expenses, and would likely delay the Debtors' emergence from these chapter 11 cases, thereby compounding such costs. These costs would be borne by the Debtors' estates, to the ultimate detriment of the Debtors' stakeholders. While the Debtors' success in any litigation against Uniti will ultimately inure to the benefit of their estates, it will not do so for some time and only after the incurrence of significant costs. For this reason, a negotiated resolution in the relative near term—if achieved—would be of significant benefit to the Debtors' chapter 11 cases.

14. With mediation, the Debtors, Uniti, and other key creditor constituencies in these chapter 11 cases have an opportunity to come together in a centralized forum before launching into protracted litigation. Appointing a mediator at this juncture in these chapter 11 cases has the greatest chance of yielding the most benefit to the Debtors' estates, especially since Uniti has consented to participate in such a process. Accordingly, the Debtors seek an order from the Court that will allow for prompt commencement of a mediation process.

15. Ultimately, mediation has little downside and will likely prove beneficial even if unsuccessful. Mediation will not prejudice any of the Parties' rights if it fails to yield a global resolution and the Debtors and other Parties can (and will) continue to prepare for litigation in parallel with mediation. At the very least, good-faith mediation discussions may inform the Parties as to the key issues or potentially narrow the issues in any litigation. In the event that mediation is unsuccessful, the Debtors remain prepared to litigate issues related to the Uniti Arrangement as expediently as possible.

16.     For the reasons described in this motion, however, mediation prior to any such litigation would be beneficial to the Debtors' estates. Accordingly, the Debtors respectfully submit that the Court should enter this order, which will launch the mediation process and the ultimate resolution of these issues.

**No Prior Request**

17.     No prior request for the relief sought in this motion has been made to this or any other court.

**Notice**

18.     The Debtors have provided notice of this motion to: (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at www.kccllc.net/windstream) and (b) any person or entity with a particularized interest in the subject matter of this motion. The Debtors respectfully submit that no other or further notice is necessary.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| Dated: July 12, 2019<br>New York, New York | */s/ Stephen E. Hessler*<br>Stephen E. Hessler, P.C.<br>Marc Kieselstein, P.C.<br>Cristine Pirro Schwarzman<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-4900<br><br>- and -<br><br>James H.M. Sprayregen, P.C.<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Brad Weiland (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:  (312) 862-2200<br><br>*Counsel to the Debtors and Debtors in Possession* |

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WINDSTREAM HOLDINGS, INC., *et al.*,[1] | ) | Case No. 19-22312 (RDD) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER APPOINTING A MEDIATOR**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") directing the Parties to participate in mediation, as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before

---

[1] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The following parties shall participate in mediation: the Debtors, Uniti, [●].

3. Immediately upon entry of this Order, the Parties shall meet and confer to select a mediator and establish a schedule for mediation and related procedures.

4. If the Parties are unable to select a mediator, one will be appointed by this Court.

5. All (a) discussions among any of the Parties during the course of the mediation, including discussions with or in the presence of the Mediator, (b) any mediation statements and any other documents or information provided to the Mediator or the Parties in the course of the mediation, and (c) correspondence, draft resolutions, offers, and counteroffers produced for or as a result of or in connection with the mediation shall be strictly confidential and shall not be admissible for any purpose in any judicial or administrative proceeding, and the Parties and their counsel and advisors, shall not in any way disclose to any non-party or to any court, including, without limitation, in any pleading or other submission to any court, any such discussion, mediation statement, other document or information, correspondence, resolution, offer or counteroffer that may be made or provided in connection with the mediation, unless (i) otherwise available and not subject to a separate confidentiality agreement that would prevent its disclosure or (ii) as authorized by this Court.

6. To the extent that any Party is in possession of privileged or confidential information provided to such Party pursuant to the terms and conditions of a confidentiality

agreement executed or order of this Court entered in connection with these chapter 11 cases, such information may be disclosed to the Mediator, but shall otherwise remain privileged and confidential and shall not be disclosed to any other Party subject to the terms of such confidentiality agreement or Court order.

7. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. This Court retains exclusive jurisdiction to enter supplemental orders concerning all matters arising from or related to the implementation, interpretation, and enforcement of this Order, and to enter such orders at continued hearings on this Motion.

White Plains, New York
Dated: _____, 2019

                        THE HONORABLE ROBERT D. DRAIN
                        UNITED STATES BANKRUPTCY JUDGE