UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| WINDSTREAM HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 19-22312 (RDD) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER APPOINTING A MEDIATOR**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") seeking appointment of a mediator in these chapter 11 cases (the "Mediator"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b) that this Court may decide by a final order consistent with Article III of the United States Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was sufficient under the circumstances and that no other notice need be provided; and upon the pleadings filed in response to the Motion, the record of the hearing held by the Court on the Motion on July 26, 2019 (the "Hearing"), and all of the

---

[1] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

proceedings herein; and the official committee of unsecured creditors appointed in the chapter 11 cases (the "Committee"), Uniti, Citibank, N.A. as administrative agent under the Debtors' debtor-in-possession financing facility, JPMorgan Chase Bank, N.A. as administrative agent under the Debtors' first lien credit agreement, the ad hoc group of first lien lenders represented by Paul, Weiss, Rifkind, Wharton & Garrison LLP, Delaware Trust Company, as indenture trustee for the first lien notes, the ad hoc group of second lien noteholders represented by Milbank LLP, Wilmington Trust, N.A., as indenture trustee for the second lien notes, Ankura Trust Company, LLC, as successor trustee for the 6 3/4% Senior Notes due 2028 (the "Midwest Notes"), the ad hoc group of holders of the Midwest Notes represented by Shearman & Sterling LLP, UMB Bank, National Association as indenture trustee for certain of the Debtors' unsecured notes, and U.S. Bank National Association as indenture trustee for certain of the Debtors' unsecured notes (collectively, together with the Debtors, the "Mediation Parties"[3]) having indicated their support for the appointment of a mediator in these chapter 11 cases; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Court authorizes and appoints the Honorable Shelley C. Chapman to serve as Mediator and to conduct the nonbinding mediation as set forth herein.

3. No later than three business days following entry of this Order, or as soon thereafter as the Mediator is available, the Mediation Parties shall meet and confer with the Mediator to

---

[3] For the avoidance of doubt, none of the advisors referenced herein are considered "Mediation Parties," but advisors to the Mediation Parties shall be entitled to participate in the Mediation.

2

establish a schedule for mediation and related procedures (the "Mediation Procedures"), which shall be consistent with the terms of this Order in all material respects and otherwise acceptable to the Mediation Parties.

4. The Mediator is authorized to mediate any issues or claims arising out of or related to the Uniti Arrangement and the allocation of distributable value under a chapter 11 plan following any resolution, including (a) the go-forward terms of the Uniti Arrangement, (b) any claims or causes of action against Uniti arising out of or relating to the Uniti Arrangement, (c) the applicability of section 365(d)(4) of the Bankruptcy Code to the Uniti Arrangement, and (d) any other matters the Mediator deems necessary to resolve any of the foregoing.

5. Unless otherwise directed by the Mediator, each of the Mediation Parties shall (a) attend and participate in the mediation sessions, and (b) appear with at least one principal or other individual with authority to make a decision binding upon such Mediation Party (which may be an attorney or other advisor delegated such authority); *provided* for the avoidance of doubt, that the indenture trustees for the Debtors' notes cannot make decisions binding on the holders of notes represented by such indenture trustees.

6. Additional parties other than the Mediation Parties may participate in the mediation (a) upon the written consent of the Debtors, Uniti, and the Mediator, and in consultation with the other Mediation Parties, or (b) further order of this Court. The Mediator may request that the Court order any additional parties to attend the mediation. In such event, appropriate notice and a hearing shall be provided. All additional mediation parties shall become subject to all of the provisions of this Order and enter into a confidentiality agreement consistent with this Order that is reasonably acceptable to the Debtors and the applicable additional mediation parties to such confidentiality agreement.

3

7.   The mediation is nonbinding.

8.   All communications made by and all submission prepared by a Mediation Party in connection with the mediation, including but not limited to (a) discussions among any of the Mediation Parties during the course of the mediation, including discussions with or in the presence of the Mediator, (b) mediation statements and any other documents or information provided to the Mediator or the Mediation Parties in the course of the mediation, and (c) all correspondence, settlement proposals, counterproposals, term sheets, and offers of compromise produced for, as a result of, or in connection with the mediation (collectively, the "Settlement Proposals") shall be strictly confidential and shall remain confidential.  The materials described in each of the foregoing clauses (a) through (c): (i) shall be protected from disclosure (and shall not be disclosed) to any other Mediation Party or to any other person or party who is not a Mediation Party (including holders of securities or claims for which the Mediation Party is acting in a representative, agent or trustee capacity to the extent such holders are not themselves Mediation Parties), (ii) shall not constitute a waiver of any existing privileges and immunities, (iii) shall not be used for any purpose other than the mediation, (iv) shall not be admissible for any purpose in any judicial or administrative proceeding, (v) shall be subject to protection under Rule 408 of the Federal Rules of Evidence and any equivalent or comparable state law, and (vi) in the case of settlement proposals not accepted during mediation, shall not constitute material nonpublic information following the conclusion of mediation except to the extent that they contain material nonpublic information separate and apart from the fact that a Mediation Party was prepared to agree to the terms set forth therein

9.   The Mediation Parties and their counsel and advisors shall not in any way disclose to any non-party or to any court, including, without limitation, in any pleading or other submission

to any court, any such discussion, mediation statement, other document or information, correspondence, resolution, or Settlement Proposal that may be made or provided in connection with the mediation; *provided* that nothing in this Order shall prevent a Mediation Party from sharing with the Mediator and thereafter disclosing, to the extent not prohibited by a separate confidentiality agreement or protective order, any draft objections, any potential legal arguments such Mediation Party may raise in the chapter 11 cases, reports of its own experts, any document produced or obtained in discovery, any information that is, was, or becomes available to a Mediation Party outside of the mediation, such Mediation Party's own work product or materials, or other pleadings filed or to be filed by such Mediation Party with a court of competent jurisdiction.

10. Notwithstanding anything in this Order to the contrary, nothing in this Order shall prevent a Mediation Party from disclosing information revealed in the course of the mediation to the extent required or requested by a governmental or regulatory entity with oversight or other authority over such Mediation Party or required by statute or court order to other legal or regulatory requirements applicable to such Mediation Party; *provided* that if such Mediation Party is requested or required to disclose any information to a third party, such Mediation Party shall, to the extent not legally prohibited, provide the disclosing party with written notice as soon as reasonably practicable of such request or requirement prior to any disclosure and shall furnish only that portion of such information or take only such action as such Mediation Party in good faith (based on advice of counsel) believes is legally required. The Mediation Party shall not oppose any reasonable efforts by the disclosing prty to obtain an order, agreement, or other reasonable assurance that confidential treatment shall be accorded to any information so furnished.

5

11. To the extent that any Party is in possession of privileged or confidential documents and/or information provided to such Party pursuant to the terms and conditions of a confidentiality agreement executed by order of this Court entered in connection with these chapter 11 cases, such information may be disclosed to the Mediator, but shall otherwise remain privileged and confidential and shall not be disclosed to any other Party subject to the terms of such confidentiality agreement or Court order, as applicable.  Any Party may provide documents and/or information to the Mediator that are subject to a privilege or other protection from discovery, including the attorney-client privilege, the work-product doctrine, or any other privilege, right, or immunity the parties may be entitled to claim or invoke (the "Privileged Information").  By providing the Privileged Information solely to the Mediator and no other party, no Mediation Party nor its respective professionals intends to, or shall, waive, in whole or in part, the attorney-client privilege, the work-product doctrine, or any other privilege, right or immunity they may be entitled to claim or invoke with respect to any Privileged Information or otherwise.

12. Any work product, materials, or information shared or produced by a Mediation Party with the Mediator, including Privileged Information shall be subject to all applicable mediation privileges and shall not be shared by the Mediator with any other Mediation Parties without the consent of the sharing or producing Mediation Party.

13. The terms of any confidentiality agreement entered into between any Mediation Party and the Debtors or Uniti, as applicable, and this Order shall govern any issues with respect to any Mediation Party's disclosure of any Settlement Proposals and any material non-public information of the Debtors or Uniti Group Inc. or its subsidiaries (the "Uniti Entities") to a Mediation Party.  A Mediation Party shall have no duty of confidentiality or otherwise with respect to material non-public information except as expressly set forth in a confidentiality agreement or

6

this Order. As a condition to participation in the mediation, the Debtors and each other Mediation Party shall agree on the terms of, and enter into, a confidentiality agreement or other existing confidentiality arrangement (which shall include, in case of any Mediation Party that is a holder of the Debtors' funded indebtedness, cleansing provisions relating to material non-public information of the Debtors and the Uniti Entities) that is acceptable to the Debtors and the applicable Mediation Parties party to such confidentiality agreement or arrangement.

14. To extent any Mediation Party attends mediation and receives material non-public information, any such Mediation Party shall maintain internal information blocking procedures and shall not share any such information generated by, received from or relating to the mediation with any other of its employees, representatives or agents, including trading and investment advisor personnel, so that any such Mediation Party (excluding any employees, representative or agents that participated in the mediation and received material nonpublic information), notwithstanding this Order or anything in any confidentiality agreement to the contrary, may trade in any claims against the Debtors or the Uniti Entities, including, without limitation, (i) "Securities" as defined in Section 2(a)(1) of the Securities Act of 1933 (including the following: stocks, notes, bonds, debentures, participation in, or derivatives based upon on or relating to, any of the Debtors' debt obligations or equity interests) and (ii) bank debt.

15. All materials shared or provided by the Debtors or the Uniti Entities to any Mediation Party in connection with any formal or informal discovery relating to the Uniti Arrangement shall also be provided to the counsel for all other Mediation Parties as promptly as reasonably practicable.

16. No party in interest in these chapter 11 cases, including each of the Debtors or any successor to the Debtors or successor to any party in interest, shall have any claim, defense,

objection, or cause of action of any nature whatsoever against a Mediation Party, including, but not limited to, any objection to a claim, or any other basis to withhold, subordinate, disallow, or delay payment or issuance of any consideration to a Mediation Party on account of a claim based on such Mediation Party's trading in the Debtors' or the Uniti Entities' securities by reason of such Mediation Party's participation in mediation or receipt, as a result of participation in the mediation, of (a) information with respect to which, at the time of such trading, such Party has no duty of confidentiality under a confidentiality agreement, or (b) a Settlement Proposal, whether or not such Settlement Proposal is confidential; *provided* that nothing herein shall be deemed to waive any claims for non-compliance with this Order or any other contractual confidentiality obligations.

17.    No Mediation Party shall (a) be or become an insider, a temporary insider, a nonstatutory insider under bankruptcy law, an agent, or a fiduciary of any of the Debtors or the Uniti Entities, (b) be deemed to owe any duty to the Uniti Entities or any of the Debtors or their estates, (c) undertake any duty to any party in interest, or (d) be deemed to misappropriate any information of the Uniti Entities or any of the Debtors or any person that has designated any material as confidential or highly confidential, with respect to each of the foregoing clauses (a) through (d), as a result of (i) participating in any mediation conference conducted pursuant to this Order, (ii) being aware, or in possession, of any Settlement Proposal delivered or received by any party in interest or their agents or advisors in connection with a mediation conference conducted pursuant to this order, or (iii) with respect to any mediation conference conducted pursuant to this order, acting together in a group with other holders of securities issued by the Debtors or the Uniti Entities, as applicable; *provided* that nothing herein shall affect any Mediation Party's pre-existing fiduciary obligations.

18. Nothing in this Order is intended to, nor shall it, waive, release, compromise, or impair in any way whatsoever, any claims or defenses that a party has or may have, whether known or unknown, in connection with or relating to acts or omissions that took place prior to entry of this Order.

19. Nothing in this Order is intended to, nor shall it, operate as a stay of any pending adversary proceeding or contested matter commenced in the chapter 11 cases.

20. Promptly following the termination of the mediation in accordance with the Mediation Procedures (such date, the "Termination Date"), but no later than 7:00 am (ET) on the first day after the Termination Date, the Mediator shall file a notice with the Court setting forth the following: (a) that the Mediator has conducted the mediation, (b) the names of the participants in the mediation, and (c) whether and to what extent the mediation was successful. The Mediator is also authorized, but not required, to report to the Court on the lack of good faith of any Mediation Party in the mediation.

21. In addition to maintaining the immunity that the Mediator has as a judge and the immunity of court employees under Federal and common law from liability for any act or omission in connection with the mediation, the Mediator and such court employees may not be compelled to testify or disclose any information concerning the mediation in any forum or proceeding except as provided in the preceding paragraph.

22. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

23. For the avoidance of doubt, to the extent any part of this Order shall conflict with Local Rule 9019-1 or the General Order, the terms and provisions of this Order shall govern.

9

24. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

25. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

26. This Court retains exclusive jurisdiction to enter supplemental orders concerning all matters arising from or related to the implementation, interpretation, and enforcement of this Order, and to enter such orders at continued hearings on this Motion.

Dated: White Plains, New York
       July 30, 2019

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE