Andrew N. Rosenberg
Brian S. Hermann
Samuel E. Lovett
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for the First Lien Ad Hoc Group*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Windstream Holdings, Inc., *et al.*,[1] | Case No. 19-22312 (RDD) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF THE FIRST LIEN AD HOC GROUP TO DEBTORS' SECOND MOTION TO EXTEND THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

The ad hoc group of certain unaffiliated holders of the Debtors' first lien indebtedness (the "First Lien Ad Hoc Group"),[2] by and through its undersigned counsel, hereby objects (the "Limited Objection") to the *Debtors' Second Motion to Extend the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Debtors' Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief*. The location of the Debtors' service address is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

[2] The First Lien Ad Hoc Group is comprised of certain holders of loans or other indebtedness issued under: (i) that certain Sixth Amended and Restated Credit Agreement, originally dated as of July 17, 2006, amended and restated as of April 24, 2015 and subsequently amended, among Windstream Services, LLC, the other loan parties party thereto, the lenders from time to time party thereto, J.P. Morgan Chase Bank, N.A., as administrative agent and collateral agent and the other parties thereto; and (ii) that certain Indenture for certain 8.625% notes due 2025 dated as of November 6, 2017, by and among Windstream Services, LLC and Windstream Finance Corp., the guarantor party thereto, Delaware Trust Company, as trustee and notes collateral agent and the holders thereunder. *See Second Amended Verified Statement of the First Lien Ad Hoc Group Pursuant to Bankruptcy Rule 2019* [Dkt. No. 1228].

*Section 1121 of the Bankruptcy Code* [Dkt. No. 1281] (the "Motion") and respectfully states as follows:

**LIMITED OBJECTION**

1. Pursuant to the Motion, the Debtors seek to extend by 247 days the Exclusivity Periods[3] within which to file and solicit votes on a plan. While the First Lien Ad Hoc Group supports a more modest extension of the Exclusivity Periods to permit the Debtors to prosecute the pending recharacterization litigation against Uniti Group, Inc. ("Uniti"), the proposed length of the requested extension is unjustified and unnecessary.

2. By the Debtors' own acknowledgement, "the litigation against Uniti is a gating item in these chapter 11 cases that must be resolved in order for the Debtors to formulate a go-forward business model and file a viable chapter 11 plan." (Mot. ¶ 19.) The recharacterization trial is scheduled for the week of March 2, 2020.[4] While the First Lien Ad Hoc Group agrees that the Court should extend the Exclusivity Periods to afford the Debtors the necessary time to complete the trial and obtain the Court's ruling, the proposed extension potentially stretches ***many months*** beyond that. Such a lengthy extension is wholly unnecessary at this point given the litigation will likely be resolved by the end of March 2020. Resolution of the Uniti litigation will illuminate the Debtors' path for a swift emergence from chapter 11.

3. Indeed, from the outset of these cases, the Debtors touted their intent to engage with creditors to formulate a plan of reorganization and expeditiously emerge from chapter 11.[5] Given the Debtors have, by their own admission, already developed a business plan,

---

[3] Capitalized terms used and not otherwise defined herein shall have the meaning ascribed to them in the Motion.

[4] *See Stipulation Scheduling Order* [Adv. Pro. No. 19-08279, Dkt. No. 31].

[5] *See* Hr'g Tr. 28:7-16, Feb. 26, 2019 ("[T]his company does not belong in Chapter 11 for an extended period of time. . . . [A]s soon as we get out of this hearing, as soon as we can hit the ground running tomorrow with our DIP financing, that discussion [on what an exit might look like] is going to be under way immediately. And we hope to, and are cautiously optimistic, that we'll be back before Your Honor pretty quickly on explaining what

2

"commenced and advanced litigation to prosecute estate claims and causes of action related to the Uniti master lease" and engaged key parties-in-interest "with the ultimate goal of building consensus around a restructuring," it's difficult to envisage—and the Motion fails to provide—any basis for the requested maximum extension permitted by statute. (Mot. ¶ 2.)

4. The First Lien Ad Hoc Group believes that a shorter 115-day extension of the Exclusivity Periods—extending the Filing Exclusivity Period to April 15, 2020 and Soliciting Exclusivity Period to June 14, 2020—is adequate and more appropriate given where we are in these cases. Once the recharacterization litigation is resolved, the Debtors should be able to move forward immediately with a plan of reorganization; there is no reason the Debtors require, or deserve now, almost four months of additional exclusivity.[6] If it turns out that the Debtors need, and are deserving of, additional exclusivity to pursue a plan after the presently suggested extension expires, the Debtors can seek a future extension based on the current information at that time.

[*Remainder of Page Intentionally Left Blank*]

---

that exit arrangement looks like."); *see also Decl. of Tony Thomas, Chief Executive Officer and President of Windstream Holdings, Inc. (I) In Support of Debtors' Chapter 11 Petitions and First Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2* [Dkt. No. 27] ¶ 47 ("Based on my knowledge and extensive discussions with Windstream's management team and advisors, I believe that the Proposed DIP Financing gives the Debtors sufficient liquidity to stabilize its operations and fund the administration of these chapter 11 cases as the Debtors seek to proceed expeditiously toward a value-maximizing resolution to these chapter 11 cases.").

[6] In addition, if the Debtors settle the Uniti litigation before the March 2020 trial begins, there is no need for, and the Debtors have not demonstrated they are deserving of, the proposed exclusivity extension.

## **CONCLUSION**

Wherefore, the First Lien Ad Hoc Group respectfully requests that this Court enter an order limiting the extension of the Exclusivity Periods to 115 days.

Dated: December 16, 2019
       New York, New York

PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP

By: */s/ Brian S. Hermann*
Andrew N. Rosenberg
Brian S. Hermann
Samuel E. Lovett
1285 Avenue of the Americas
New York, NY 10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for the First Lien Ad Hoc Group*