MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
Erica J. Richards

*Counsel for the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| WINDSTREAM HOLDINGS, INC., *et al.*,[1] | Case No. 19-22312 (RDD) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' SECOND MOTION TO EXTEND DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO 1121 OF THE BANKRUPTCY CODE**

The Official Committee of Unsecured Creditors (the "Committee") of Windstream Holdings, Inc. and its debtor affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this limited objection (the "Objection") to the *Debtors' Second Motion to Extend Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy*

---

[1] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

ny-1820099

*Code* [Docket No. 1281] (the "Motion").[2]  In support of this Objection, the Committee respectfully represents as follows:

## PRELIMINARY STATEMENT

1. While the Debtors have made some progress in these chapter 11 cases by advancing the Uniti Litigation,[3] the uncertainty regarding the outcome of that litigation has led to little progress in crafting a confirmable plan of reorganization.  As the Court is well aware, the mediation among the Debtors, Uniti, and the Debtors' other stakeholders, including the Committee, has thus far been unsuccessful, and the mediation has been suspended.  The Committee certainly hopes that there will be further progress in the mediation but at this point, it appears that, absent a change in circumstances, a Court ruling following either a trial or dispositive motion practice will necessary to resolve the claims asserted in the Uniti Litigation.  In the meantime, the Debtors continue to burn cash—most notably in the form of $54 million a month in "rent" payments to Uniti.

2. The trial in the Uniti Litigation is currently scheduled to end on March 6, 2020, less than three months from now.  In contrast, the Motion seeks an extension of the exclusive period in which the Debtors may file a plan of more than eight months, to late August 2020.  The Committee supports a limited extension of the Exclusivity Periods, and will continue its own efforts (in close cooperation with the Debtors) to facilitate a favorable resolution of the Uniti Litigation and the formulation of a plan of reorganization.  However, the proposed extension is too long given the significant uncertainties that remain.  As a fiduciary for unsecured creditors and in light of the tremendous costs of these cases, the Committee is concerned about the repercussions for its constituents if a chapter 11 plan is not filed as soon as reasonably

---

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

[3] The Uniti Litigation refers to the adversary proceeding against Uniti, captioned *Windstream Holdings, Inc. v. Uniti Group, Inc., et al.*, Adv. Pro. No. 19-08279

practicable after resolution of the Uniti Litigation. A more reasonable extension would take into account the need to resolve the Uniti Litigation while ensuring that the Debtors and their stakeholders are thereafter incentivized to work towards a quick and collaborative exit from chapter 11.

3. The Committee submits that the Court should revisit exclusivity after the conclusion of the trial in the Uniti Litigation and determine whether (a) a further extension is likely to bring a consensual plan process to conclusion, or (b) continued exclusivity will instead unnecessarily delay the ability of third parties to propose an alternative path should a consensual plan process appear doubtful. Accordingly, the Committee proposes that the Court extend the Filing Exclusivity Period to a date that is a reasonable amount of time following the conclusion of the scheduled trial in the Uniti Litigation to permit the Court to issue a decision and for the parties to discuss a Plan in the context of that decision. If the Debtors are unable to file a Plan prior to the extended deadline, the Court will be in a much better position to evaluate whether an additional extension is warranted at that time.

## BACKGROUND

4. On February 25, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of certain facts and circumstances surrounding these chapter 11 cases is set forth in the *Declaration of Tony Thomas, Chief Executive Officer and President of Windstream Holdings, Inc., (I) in Support of Debtors' Chapter 11 Petitions and First Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2* [Docket No. 27], filed on the Petition Date.

5. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 56].

The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 12, 2019, the United States Trustee for the Southern District of New York appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Docket No. 136].[4]

6. On June 20, 2019, the Court entered the *Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code* [Docket No. 699] (the "First Exclusivity Extension Order") extending the Debtors' Exclusivity Periods through and including December 22, 2019 for filing a chapter 11 plan, and February 20, 2020 for soliciting votes on a chapter 11 plan.

7. On July 25, 2019, the Debtors commenced the Uniti Litigation.

8. On July 30, 2019, the Court appointed Judge Shelley C. Chapman as mediator, with authority to mediate any issues or claims arising out of or related to the Uniti Arrangement and the allocation of distributable value under a chapter 11 plan following any resolution of those claims. *See Order Appointing Mediator* [Docket No. 874].

9. On December 4, 2019, the Debtors filed the Motion seeking entry of an order extending the Debtors' exclusive right to file a chapter 11 plan and solicit votes thereon by 247 days through and including August 25, 2020 (the "Filing Exclusivity Period"), and October 26, 2020 (the "Soliciting Exclusivity Period," and together with the Filing Exclusivity Period, the "Exclusivity Periods").

## LIMITED OBJECTION

10. Section 1121 of the Bankruptcy Code is intended to promote and protect a debtor's ability to develop a consensual plan of reorganization, not to encourage abuse of the

---

[4] The members of the Committee include: (a) Pension Benefit Guaranty Corporation; (b) Communication Workers of America, AFL-CIO, CLC; (c) AT&T Services, Inc.; (d) VeloCloud Networks, Inc.; (e) Crown Castle Fiber; (f) LEC Services, Inc.; and (g) UMB Bank.

Bankruptcy Code's protections. Section 1121 grants the debtor the exclusive right to file a plan of reorganization during the first 120 days of a chapter 11 case, and to solicit votes for such a plan during the first 180 days, unless the court finds "cause" pursuant to section 1121(d) to extend or reduce those exclusive periods.

11. The Bankruptcy Code does not define "cause" for extending or shortening the exclusive periods, but relevant factors include:

(a) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands;

(b) the existence of good faith progress toward reorganization;

(c) whether the debtor has made progress in negotiations with its creditors;

(d) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(e) the amount of time which has elapsed in the case;

(f) the size and complexity of the case;

(g) the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information to allow creditors to determine whether to accept such plan;

(h) the fact that the debtor is paying its bills as they become due; and

(i) whether an unresolved contingency exists.

*See, e.g.*, *In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006), *aff'd*, 342 B.R. 122 (S.D.N.Y. 2006); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996). Another court, after reviewing the foregoing factors, concluded that the overriding factor is whether terminating the debtor's exclusivity would facilitate moving the case forward. *In re Dow Corning Corp.*¸ 208 B.R. 661, 670 (Bankr. E.D. Mich. 1997).

12. The Committee does not dispute that the facts of the Debtors' chapter 11 cases support a finding of "cause" to grant an extension of exclusivity under the factors above, but not

5

the nearly unprecedented extension of eight months requested by the Debtors. The Committee is hopeful that the Uniti Litigation will be resolved in early March. However, the timing of any settlement or judicial resolution remains unknown. There is also uncertainty regarding the ultimate outcome of the dispute, which directly impacts the fate of these chapter 11 cases. The Debtors seem to believe that this uncertainty warrants an extension of exclusivity today to the maximum period permitted by the Bankruptcy Code. The Committee disagrees.

13. The Uniti Litigation has been a significant hurdle in crafting a confirmable chapter 11 plan in these cases. As a result, the Committee believes that the best way to advance these cases is to require the Debtors to prove real progress has been made in a few months' time, hopefully after resolution of the Uniti Litigation. If the development of a consensual plan is clearly underway within that period, the Committee believes that an additional extension to allow the parties to conclude that process will likely be warranted. However, until there is more clarity into how the Uniti Litigation and the Debtors' chapter 11 cases will unfold, the possibility that exclusivity could expire will serve as a valuable tool to encourage continued cooperation and progress on the part of both the Debtors and their stakeholders.

14. Furthermore, the Committee believes that the next several months will prove critical in these chapter 11 cases. Either the Debtors will prevail in the Uniti Litigation, or they will not. If the outcome of the Uniti Litigation does not provide a basis for moving forward with an exit from bankruptcy as hoped, the ability to promptly pursue feasible alternative restructuring options must be preserved in order to protect the Debtors' estates and their creditors.

15. For the reasons set forth above, the Court should exercise its discretion and grant a limited extension of the Filing Exclusivity Period to some reasonable period of time following

the March trial in the Uniti Litigation, with the Soliciting Exclusivity Period set for approximately 60 days later.

## RESERVATION OF RIGHTS

15. The Committee reserves its rights to move for a termination of the current or any extended Exclusivity Periods should circumstances warrant.


Dated: December 16, 2019
      New York, New York         Respectfully submitted,

/s/ *Lorenzo Marinuzzi*
MORRISON & FOERSTER LLP
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
Erica J. Richards
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Official Committee of Unsecured Creditors*