| | |
|---|---|
| Stephen E. Hessler, P.C. | James H.M. Sprayregen, P.C. |
| Marc Kieselstein, P.C. | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | Brad Weiland (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS LLP** |
| 601 Lexington Avenue | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| New York, New York 10022 | 300 North LaSalle Street |
| Telephone:   (212) 446-4800 | Chicago, Illinois 60654 |
| Facsimile:   (212) 446-4900 | Telephone:   (312) 862-2000 |
| | Facsimile:   (312) 862-2200 |

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WINDSTREAM HOLDINGS, INC., *et al.*,[1] | ) | Case No. 19-22312 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' REPLY IN SUPPORT OF DEBTORS'**
**SECOND MOTION TO EXTEND THE DEBTORS' EXCLUSIVE**
**PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES**
**THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this reply to the four limited objections filed by the creditors' committee [Docket No. 1318], first lien ad hoc group [Docket No. 1315], second lien ad hoc committee [Docket No. 1316], and indenture trustees for the Debtors' unsecured notes [Docket No. 1317] and in further support of the *Debtors' Second Motion to Extend the Debtors' Exclusive Periods to File A Chapter 11 Plan*

---

[1] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

1

*and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code* [Docket No. 1281] (the "Motion").[2]

**Reply**

1. The Debtors have shown cause and so satisfied the legal standard for an extension of their exclusivity periods under section 1121 of the Bankruptcy Code. Indeed, there is no genuine dispute over that fact, as even the objections acknowledge that an extension is appropriate.

2. Nonetheless, the Debtors have sought to build consensus and remain willing to compromise regarding the extensions requested in the Motion. More specifically, in an attempt to consensually resolve the concerns raised by the objecting parties, the Debtors offered last week, days prior to the Motion's objection deadline, to compromise on a reduced extension of their plan filing exclusivity to just June 1, 2020. While none of the objections reference this compromise position, the Debtors stand by their proposed resolution and, contemporaneously with the filing of this reply, have filed a revised proposed form of order providing for chapter 11 plan filing exclusivity through May 31, 2019 and solicitation exclusivity through July 31, 2019 (reducing each period by nearly three months from what the Debtors had initially requested in the Motion). The Debtors remain optimistic that this compromise will prompt the objecting parties to withdraw their pleadings.

3. For the reasons set forth below, the Debtors respectfully submit that the time periods reflected in the revised order are the minimum exclusivity extension appropriate under the circumstances. Accordingly, the Debtors respectfully request that the Court approve the Motion and enter the revised order.

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

**I.       The Debtors' Progress in These Cases Provides Cause to Extend Exclusivity.**

4.       The Debtors' efforts to date have achieved near-uniform consensus (even in many cases with litigation opponents) on the process and key scheduling items in these chapter 11 cases, including the commencement and continuation of mediation and scheduling of the expeditious prosecution of the Uniti litigation.  In addition, the Debtors have advanced the Uniti litigation itself—recently defeating Uniti's motion to dismiss almost in its entirety—and fully expect to continue to prosecute the litigation to a successful ruling or other resolution in accordance with the schedule already agreed among the parties and approved by the Court.  The Debtors have also successfully advanced numerous typical and critical processes and milestones regarding the effective administration of these cases (*e.g.*, first and second day pleadings and retention applications, securing adequate financing for the cases, the assumption and rejection of contracts and leases, the reconciliation and resolution of filed claims filed against the estates, filing of schedules and statements, among other things—all significant undertakings on their own in cases of this size).

**II.      The Uniti Litigation Proceeds Apace but Must Likely Be Resolved Before the Debtors and Other Stakeholders Can Negotiate an Appropriate Chapter 11 Plan.**

5.       Each of the objecting parties—all intervenors in the Uniti litigation—agreed to support and participate in mediation and agreed to the Uniti litigation schedule (and none raised an objection to the stipulations to extend the purported application of the section 365(d)(4) deadline to the Uniti Arrangement).  In doing so the objecting parties recognized, as they must, that resolution of the Uniti-related matters in these chapter 11 cases is a gating issue to the cases' proceeding to the plan process.  While the Debtors can and have been developing a business plan and financial models based on all available information and varying assumptions and scenarios (and have discussed this information with other parties), it is inappropriate given the significant

uncertainty at this time to attempt to formulate, file, solicit, and obtain confirmation of a plan of reorganization until resolution of the Uniti litigation provides all parties with increased certainty.[3] It is no surprise, given these facts, that the objecting parties agree that an exclusivity extension at least through the conclusion of the Uniti trial is appropriate.

### III. The Objecting Parties Offer No Reason the Court Should Not Find Cause to Extend Exclusivity.

6.      In their filings, the objecting parties make almost no attempt to argue the applicable legal standard. Instead, the objecting parties resort to naked assertions that the requested exclusivity extensions should be shorter in an attempt to keep a "short leash" on the Debtors after the conclusion of the Uniti trial. That is not a basis to deny or limit the relief requested in the Motion. As set forth in the Motion, the Debtors have more than satisfied each of the actually applicable legal bases for granting a full extension of exclusivity.

7.      Moreover, irrespective of the outcome of the Uniti trial, the Debtors must be afforded an appropriate opportunity after trial to formulate and prosecute a chapter 11 plan. And the Court must be afforded an appropriate period of time to consider and rule on the evidence and arguments presented at the Uniti trial. None of the time periods proposed by the objecting parties would allow for either. Instead, it appears that the objecting parties are attempting to game the judicial process by objecting to the Motion to exert inappropriate pressure on, first, the Court (to issue a ruling in the Uniti litigation), and then potentially the Debtors (to cede decision-making authority on the path forward in these chapter 11 cases in exchange for creditor support for additional extensions of exclusivity). This is the exact result the statute is meant to prevent.

---

[3] Nonetheless, the Debtors have consistently invited plan term sheets and proposals from all of their stakeholders—including the objectors here—but have received none to date.

4

8.     The Debtors do not believe it is an efficient use of estate assets to file or prosecute a plan of reorganization based on an uncertain or hypothetical outcome to the Uniti litigation.  Nor is it an efficient use of estate assets to force the Debtors to prepare and file another exclusivity extension motion in the midst of the Uniti trial (or near immediately thereafter), which the Debtors would likely be forced to do if the objecting parties have their way.[4]  Nor is it correct under the controlling legal standard that the outcome to the Uniti litigation in and of itself would provide a basis to deny a further extension of the Debtors' exclusivity periods.  Win or lose, the Debtors are entitled to an opportunity to determine the direction of these chapter 11 cases and prosecute a chapter 11 plan reflecting that direction, and so the Debtors respectfully submit that the Court should grant the relief requested here.

## Conclusion

9.     For the reasons set forth herein, and in the Motion, the Debtors respectfully request that the Court grant the relief requested by their Motion, overrule the objections, and enter the revised form of order filed contemporaneously herewith.

[*Remainder of page intentionally left blank.*]

---

[4]  *See* Docket No. 1317 ¶ 11 (the indenture trustees' request that plan filing exclusivity expire on an unspecified date in March 2020, which may require filing an exclusivity extension motion during or even ***before*** the Uniti trial); Docket No. 1318 ¶ 15 (the creditors' committee's request that the filing exclusivity period be set to an unspecified date that is "some reasonable period of time following the March trial in the Uniti Litigation," which—while the Debtors submit that the requested relief offers that "reasonable time"—could require filing an extension motion during the Uniti trial); Docket No. 1316 ¶ 7 (the second lien ad hoc committee's request that plan filing exclusivity expire on March 31, 2020, which could require filing an exclusivity extension motion during or immediately following the Uniti trial); Docket No. 1315 ¶ 4 (the first lien ad hoc group's request that filing exclusivity period expire on April 15, which would require filing an exclusivity extension motion directly after the Uniti trial and potentially prior to a ruling).

WHEREFORE, the Debtors respectfully submit that the Court should overrule the Objections and grant the relief requested by the Motion.

| | |
|---|---|
| Dated:  December 17, 2019<br>New York, New York | */s/ Stephen E. Hessler, P.C.*<br>Stephen E. Hessler, P.C.<br>Marc Kieselstein, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:     (212) 446-4900<br><br>- and -<br><br>James H.M. Sprayregen, P.C.<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Brad Weiland (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:     (312) 862-2200<br><br>*Counsel to the Debtors and Debtors in Possession* |