**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WINDSTREAM HOLDINGS, INC., *et al.,*[1] | ) | Case No. 19-22312 (RDD) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER GRANTING DEBTORS'**
**THIRD OMNIBUS OBJECTION TO AMENDED CLAIMS,**
**EQUITY INTEREST CLAIMS, AND SUBSTANTIVELY DUPLICATE CLAIMS**

Upon the objection, dated January 13, 2020 (the "<u>Objection</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") seeking entry of an order (this "<u>Order</u>") disallowing and expunging the claims identified on **Schedules 1**, **2**, and **3** and pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the Objection Procedures Order, all as more fully set forth in the Objection; and upon the Bixler Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012, as a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and there being due and sufficient notice of the Objection and the opportunity for a hearing thereon; and there being no opposition to such relief; and no

---

[1] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

[2] Capitalized terms used in this Order and not immediately defined have the meanings given to such terms in the Objection.

additional notice or a hearing being required; and, after due deliberation the Court having determined (a) that the legal and factual bases set forth in the Objection establish good and sufficient cause for the relief granted herein, in that the Objection overcame any presumption of the validity of the claims disallowed hereby and the claimants have not carried the burden of proof, and (b) that such relief is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is sustained as set forth herein.

2. The Amended Claims listed in the column labeled "Claims to be Disallowed" on **Schedule 1** attached hereto are disallowed and expunged in their entirety.

3. The Equity Interest Claims listed on **Schedule 2** attached hereto are disallowed and expunged in their entirety; *provided* that, to the extent that any such claim is based on a purchase or sale of an equity interest in the Debtors, such claim(s) shall be subordinated in accordance with section 510(b) of the Bankruptcy Code.

4. The Substantively Duplicate Claims listed in the column labeled "Claims to be Disallowed" on **Schedule 3** attached hereto are disallowed and expunged in their entirety.

5. The "Remaining Claims" on **Schedules 1** and **3** (the "Remaining Claims") will remain on the Claims Register, subject to any future objection on any basis, except a basis that is not permitted pursuant to another order of the Court.

6. Proof of claim numbers 4124, 4127, and 4218, which are not listed on any schedules attached hereto, shall not be disallowed and expunged upon entry of this Order but shall be disallowed and expunged in their entirety upon proof of claim number 7144 being

allowed in full amount and not subject to subordination under any chapter 11 plan of reorganization.

7. Kurtzman Carson Consultants LLC, the Debtors' noticing and claims agent, is authorized to update the Claims Register to reflect the relief granted in this Order.

8. Entry of this Order is without prejudice to the Debtors' right to object to any other claims in these chapter 11 cases or to further object to the claims listed on **Schedules 1**, **2**, and **3** attached hereto (to the extent they are not disallowed and expunged pursuant to this Order) on any grounds whatsoever at a later date.

9. Each of the Debtors' objections to each claim as addressed in the Objection and as identified on **Schedules 1**, **2**, and **3** attached hereto constitutes a separate contested matter as contemplated in Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim listed on **Schedules 1**, **2**, and **3**. Any stay of this Order shall apply only to the contested matter that involves such claim and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take any and all actions reasonably necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Objection.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: White Plains, New York
February 11, 2020

*/s/Robert D. Drain*
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE