**Hearing Date**: June 24, 2020 at 10:00 a.m.
**Objection Deadline**: June 17, 2020 at 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| WINDSTREAM HOLDINGS, INC., et al.,[1] | Case No. 19-22312 (RDD) |
| Debtors. | (Jointly Administered) |

## SCANSOURCE, INC.'S LIMITED OBJECTION AND RESERVATION OF RIGHTS TO NOTICE OF FILING OF PLAN SUPPLEMENT

ScanSource, Inc. ("ScanSource"), by and through undersigned counsel, hereby files this limited objection and reservation of rights (the "Objection") to the *Notice of Filing of Plan Supplement* [Docket No. 1973] (the "Plan Supplement"),[2] filed by the above-captioned debtors and debtors-in-possession (the "Debtors") on June 3, 2020. In support hereof, ScanSource respectfully represents the following:

### PRELIMINARY STATEMENT

ScanSource does not, by this Objection, oppose the Debtors' assumption of the ScanSource contract(s) set forth in the Plan Supplement. Rather, ScanSource objects to the aggregate Cure Amount of $289,104.25 scheduled in the Plan Supplement. This proposed Cure Amount is insufficient to cure the Debtors' prepetition defaults, which collectively total $1,278,030.97. For this reason, and as set forth and greater detail below, ScanSource

---

[1] The last four digits of Debtor, Windstream Holdings, Inc.'s tax identification number is 7717. Due to the large number of debtor entities in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan Supplement.

42518144

respectfully submits that the Debtors must remit $1,278,030.97 prior to any assumption of their contract(s) with ScanSource.

## BACKGROUND

1. ScanSource is a leading global provider of technology products and solutions, including, among other things, telecom goods and services.

2. Pursuant to that certain *Purchase Agreement* dated as of April 29, 2011 by and between Windstream Supply, LLC ("Windstream Supply") and ScanSource (as amended, modified, or supplemented, the "Purchase Agreement"), ScanSource is a past and present provider of telecom goods and services to two of the Debtors: Xeta Technologies, Inc. ("Xeta") and Windstream Supply.

3. Prior to the Petition Date, Windstream Supply and Xeta submitted various Purchase Orders (as such term is defined in the Purchase Agreement) for the goods and services identified therein. ScanSource timely delivered the goods and services requested in the Purchase Orders.

4. Windstream Supply and Xeta, however, defaulted under the terms of the Purchase Agreement by failing to pay certain Purchase Orders when due. As of the Petition Date, the Debtors' respective accounts were past-due in the following amounts:

    (a)    *Windstream Supply*: $98,953.06; and

    (b)    *Xeta*: $1,179,077.91.

These defaults collectively total $1,278,030.97 (the "Defaulted Amount").

5. ScanSource timely filed two proofs of claim with respect to the Defaulted Amount: No. 3044 ($98,953.06) against Windstream Supply and No. 3602[3] ($1,179,077.91) against Xeta.

6. On May 14, 2020, the Debtors filed the Plan. Among other things, the Plan provides for the assumption of all Executory Contracts or Unexpired Leases (each as defined therein) that have not been scheduled for rejection. *See* Plan at Art. V. § A.

7. On June 3, 2020, the Debtors filed their Plan Supplement, as later amended by the *Notice of Filing of First Amended Plan Supplement* [Docket No. 2010] (the "First Amendment"). Thereafter, the Plan Supplement and First Amendment were collectively amended by the *Notice of Filing of Second Amended Plan Supplement* [Docket No. 2039] (the "Second Amendment").

8. In relevant part, the Plan Supplement identifies two (2) ScanSource contracts to be assumed by the Debtors:

(a) A "Purchase Agreement" dated 04/08/2013 by and between ScanSource and Earthlink Business, LLC (the "Earthlink Contract"); and

(b) A "Resale Agreement" dated 10/15/2018 by and between ScanSource and Windstream Supply (the "Windstream Contract"; and, collectively with the Earthlink Contract, the "ScanSource Contracts").

*See* Exhibit A, Plan Supplement at 348 (Ref. Nos. 8,089 and 8,090, respectively).

9. The Plan Supplement schedules $289,104.25 as the aggregate Cure Amount due in connection with the Debtors' contemplated assumption of the ScanSource Contracts (such amount, the "Proposed Cure Payment"). *See id.*

---

[3] ScanSource originally filed Claim No. 3044 ($1,179,077.91) against Xeta; however, ScanSource amended Claim No. 3044 with Claim No. 3602 to correct a minor clerical error not at issue here.

10. The First Amendment does not identify any ScanSource contracts for rejection. *See generally* Exhibit B, First Amendment. Likewise, the Second Amendment does not modify either the Plan Supplement or the First Amendment with respect to ScanSource. *See generally* Second Amendment.

11. After receipt of the Plan Supplement, ScanSource contacted the Debtors to advise them of the difference between the Proposed Cure Payment and the Defaulted Amount. The Debtors acknowledged the dispute and have engaged with ScanSource regarding a solution; however, the Proposed Cure Payment has not yet been corrected.

## **LIMITED OBJECTION**

12. ScanSource objects to the Proposed Cure Payment under Section 365 of the Bankruptcy Code. Pursuant to Section 365 of the Bankruptcy Code, a debtor may assume an executory contract or unexpired lease under which there has been a default only if, "at the time of assumption[,]" the debtor "cures . . . such default." 11 U.S.C. § 365(b)(1)(A). Although "cure" is not defined in the Bankruptcy Code, it is universally understood to require, among other things, a return "to the *status quo ante* by paying all arrearages" outstanding. *In re Bownetree, LLC*, No. 1-08-45854-dem, 2009 Bankr. LEXIS 2295, at *12 (Bankr. E.D.N.Y. July 24, 2009). *See also, e.g.*, *Regen Capital I, Inc. v. Halperin (In re U. S. Wireless Data, Inc.)*, 547 F.3d 484, 489 (2d Cir. 2008) ("The resolution of . . . 'cure claims' strives to restore the 'debtor-creditor relationship . . . to pre-default conditions' . . . bringing the contract back into compliance with its terms") (internal citations omitted).

13. Here, the Proposed Cure Payment does not comply with Section 365's mandate, requiring the Debtors to pay all outstanding arrearages under the Purchase Agreement prior to its assumption. Therefore, the Debtors must remit the Defaulted Amount ($1,278,030.97) to ScanSource if the Purchase Agreement is to be assumed in accordance with Section 365.

## RESERVATION OF RIGHTS

14. ScanSource reserves the right to amend and/or supplement this Objection for any reason, including, without limitation, to: (i) claim any other and further amounts ScanSource discovers are owing or continuing to accrue to ScanSource under the Purchase Agreement or otherwise; and (ii) assert similar objections with respect to the ScanSource Contracts.

## CONCLUSION

WHEREFORE, ScanSource respectfully requests that the Court sustain this Objection and grant such other relief as is just and proper.

Dated: New York, New York
       June 16, 2020

TROUTMAN SANDERS LLP

By: */s/ Brett D. Goodman*
    Brett D. Goodman
    875 Third Avenue
    New York, New York 10022
    Tel.: (212) 704-6000
    Fax: (212) 704-6288

    - And -

    Harris B. Winsberg
    Matthew G. Roberts
    600 Peachtree Street NE
    Suite 3000
    Atlanta, Georgia 30308
    Tel.: (404) 885-3000
    Fax: (404) 885-3900

*Attorneys for ScanSource, Inc.*

42518144