**ICE MILLER LLP**
Jason M. Torf, Esq.
Michael W. Ott, Esq.
200 W. Madison Street
Suite 3500
Chicago, IL 60606
Telephone: 312-726-6244
Email: Jason.Torf@icemiller.com
Michael.Ott@icemiller.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>WINDSTREAM HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 19-22312 (RDD)<br><br>(Jointly Administered) |

**APPLICATION FOR ALLOWANCE AND PAYMENT OF NITEL, INC.'S**
**ADMINISTRATIVE EXPENSE CLAIMS AGAINST VARIOUS DEBTORS**

Nitel, Inc. ("Nitel"), by and through its undersigned counsel hereby applies (this "Application") for the allowance and payment of an administrative expense claim in the total amount of $322,675.98 pursuant to section 503(b) of Title 11 of the United States Code (the "Bankruptcy Code"). In support of its request, Nitel respectfully states as follows:

**BACKGROUND**

1. On February 25, 2019 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the

---

[1] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

"Court"). The Debtors have continued to operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. On June 26, 2020, the Court entered its order confirming the First Amended Joint Chapter 11 Plan of Reorganization of Windstream Holdings, Inc., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code (Doc. 2243) (as confirmed and supplemented, the "Plan").

3. As of the Petition Date, Nitel was a party to service contracts with four of the Debtors pursuant to which Nitel provided telecommunications services to the Debtors:

- That certain Service Agreement, dated as of December 14, 2005, between Nitel and Windstream NuVox, LLC, as successor to FDN Communications;

- That certain Service Agreement, dated of March 11, 2010, between Nitel and Paetec Communications, LLC;

- That certain Service Agreement, dated as of March 11, 2010, between Nitel and Windstream Iowa Communications, LLC, as successor to Iowa Telecommunications Services, Inc.; and

- That certain Service Agreement, dated as of November 15, 2011, between Nitel and EarthLink Business, LLC, as successor to One Communications Corp.

(collectively, the "Service Agreements"). These Service Agreements are listed as assumed contracts 6,927-6,930 on Exhibit A to the Plan (*See* Doc. 1973).

## POST-PETITION AMOUNTS DUE

4. As of the date hereof, Nitel is owed a total of $322,675.98, comprised of the following amounts that came due under each of the Service Agreements post-petition:

| Debtor-Counterparty | Amount Due |
|---|---|
| Windstream NuVox, LLC | $3,125.57 |
| Paetec Communications, LLC | $27,371.21 |
| Windstream Iowa Communications, LLC | $2,024.18 |
| Earthlink Business, LLC | $290,155.02 |
| **Total** | **$322,675.98** |

Summaries of the invoices and credits for each of the individual Debtor-Counterparties are attached hereto as **Exhibits A-D**, respectively.[2]

5.  Pursuant to section 503(b)(1) of the Bankruptcy Code, "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including—the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A). Since the Petition Date, the Debtors have enjoyed the benefits of the Service Agreements, as evidenced by the fact that the Debtors assumed the Service Agreements. Accordingly, Nitel is entitled to immediate payment under section 503(b)(1)(A).

## **RESERVATION OF RIGHTS**

6.  Nitel expressly reserves the right to amend, supplement, or modify this Application to assert additional amounts due. Nitel further reserves all rights and claims it may have under the Service Agreements and applicable law for indemnification, subrogation, recoupment, or setoff against the Debtors. Nothing herein should be considered a waiver or release of any rights and claims Nitel may have against the Debtors or anyone else.

*[Remainder of Page Intentionally Blank]*

---

[2] The Service Agreements, invoices, and other supporting documentation are voluminous and will be made available to the Court and the Debtors upon request and to other parties-in-interest on reasonable request.

WHEREFORE, for the reasons set forth above, the Nitel requests that this Court enter an order:

A. Allowing an administrative expense claim in favor of Nitel and against the Debtors in the amount of $322,675.98; and

B. Granting such other and further relief as may be appropriate under the circumstances.

Dated October 23, 2020

/s/Jason M. Torf
Jason M. Torf
Michael W. Ott
ICE MILLER LLP
200 W. Madison Street
Suite 3500
Chicago, IL 60606

*Attorneys for Nitel, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| WINDSTREAM HOLDINGS, INC., *et al.*,[3] | Case No.: 19-22312 (RDD) |
| Debtors. | (Jointly Administered) |

**[PROPOSED] ORDER GRANTING APPLICATION
FOR ALLOWANCE AND PAYMENT OF NITEL, INC.'S
ADMINISTRATIVE EXPENSE CLAIMS AGAINST VARIOUS DEBTORS**

Upon consideration of the Application for Allowance and Payment of Nitel, Inc.'s Administrative Claims Against Various Debtors (Doc. No. ____) (the "Application") seeking the allowance of an administrative expense claim pursuant to Section 503(b)(1)(A) of the Bankruptcy Code; due and proper notice having been provided; and after due deliberation and finding sufficient cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. Nitel, Inc. shall have an allowed administrative expense claim in the amount of $322,675.98 equal in priority to all other administrative expense claims and to be paid pursuant to the terms of the confirmed Plan.[4]

---

[3] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

[4] Capitalized terms used but not defined herein have the meanings ascribed to them in the Application.

C\1425408.2

3. This Court shall retain jurisdiction to hear and decide all matters arising from, related to, or in connection with this Order.

Dated: _____, 2020
White Plains, New York

                                                THE HONORABLE ROBERT D. DRAIN
                                                UNITED STATES BANKRUPTCY JUDGE