| | |
|---|---|
| Devin Lawton Palmer, Esq.<br>**BOYLAN CODE LLP**<br>145 Culver Road, Suite 100<br>Rochester, New York 14620<br>Telephone:    (585) 232-5300<br>Facsimile:    (585) 238-9012 | Eric J. Ward, Esq.<br>**WARD GREENBERG**<br>**HELLER & REIDY LLP**<br>1800 Bausch & Lomb Place<br>Rochester, New York 14604<br>Telephone:    (585) 454-0714<br>Facsimile:    (585) 231-1912 |

*Attorneys for Saetec, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re:<br><br>WINDSTREAM FINANCE CORP., *et al.,*<br><br><br><br>                                              Reorganized Debtors. | Chapter 11<br>Case No. 19-22397 (RDD)<br><br>(Formerly Jointly administered under<br>Case No. 19-22312 (RDD)) |
| SAETEC, INC.,<br><br>                                              Plaintiff,<br><br>vs.<br><br>PAETEC COMMUNICATIONS, INC. AND<br>WINDSTREAM COMMUNICATIONS, INC.,<br><br>                                              Defendants. | Adversary Proc. No.<br>21-07008 (RDD) |

**SAETEC, INC.'S LIMITED OPPOSITION TO REORGANIZED DEBTORS' MOTION**
**FOR ENTRY OF AN ORDER EXTENDING THE CLAIMS OBJECTION DEADLINE**

1.      Saetec, Inc. opposes the Reorganized Debtors' motion to extend the claims objection deadline to the limited extent that the Debtors intend to use that extension as grounds for once again amending their Live Pleadings in the parties' active adversary proceeding. Prior to

1

filing this opposition, Saetec sought a stipulation from the Debtors that they would not base further amendment attempts on such an extension. Without explanation, the Debtors refused to agree.

2.   The dispute underlying the adversary proceeding has been pending since 2013. The Debtors have thus had more than 7 years to amend their pleadings, and indeed, just did so pursuant to the parties' scheduling order permitting them to move to amend to add affirmative defenses for offset, which motion was granted by the Court by order dated March 29, 2021 [AP Dkt. No. 32]. [1] But, the stipulated scheduling order to which the parties are bound in the adversary proceeding, does not contemplate further amendment of the Live Pleadings. It would be unfair after all the time that has elapsed in the dispute between the parties – and contrary to the provisions of Fed. R. Civ. P. 16 – to give the Debtors *carte blanche* to amend their pleadings at any time, and for any reason, for the next six months. Saetec therefore seeks an order that any extension of the claims objection deadline granted to the Debtors does not authorize amendment of the Live Pleadings in the active adversary proceeding.

### Background

3.   On January 26, 2021, the Court issued an order converting an underlying State Court breach of contract action filed by Saetec against the Debtors in 2013 into an adversary proceeding in this Court (the "Adversary Proceeding"). [Dkt. No. 30, ¶ 1]. That Stipulated Scheduling and Pre-Trial Order ("Scheduling Order") further set forth the schedule for the case and specifically states that the parties "agreed to this [Scheduling] Order and to use the following procedures, dates, and deadlines to resolve" Saetec's claims. [*Id.;* AP Dkt. No. 1-15].

---

[1] References to "AP Dkt. No." refer to the documents filed on the CM/ECF system for the Adversary Proceeding at docket number 21-AP-07008. Similarly, references to "Dkt. No." refer to the documents filed on the CM/ECF system for the Chapter 11 Bankruptcy proceeding at docket number 19-22397.

4.     The Scheduling Order permitted the Debtors (referred to in the Scheduling Order as the "Windstream Defendants") to move to amend their Live Pleadings to assert two additional offset affirmative defenses by February 15, 2021. [AP Dkt. No. 1-15, ¶ 4]. The Scheduling Order contains no other provision permitting amendment of the pleadings (by either party). [*Id.*].

5.     Pursuant to the Scheduling Order, the Windstream Defendants moved on February 15, 2021 to amend their answer to assert the offset affirmative defenses. They argued that their motion should be granted simply because the claims objection deadline did not expire until March 20, 2021, and therefore, they were not required to meet the obligations to amend imposed by Fed. R. Civ. P. 15. [AP Dkt. No. 5, p. 17]. In granting the motion, the Court did not entertain the Windstream Defendants' argument that the unexpired claims objection deadline applied to justify amendment. Instead, the Court held the parties to the provisions of the Scheduling Order and considered the motion under Fed. R. Civ. P. 15.

6.     Upon the filing by the Debtors of the instant motion, Saetec anticipated that the Windstream Defendants would try to use the extension of the claims objection deadline as grounds to once again attempt to amend their answer. By letter dated March 29, 2021, Saetec requested the Windstream Defendants stipulate that they would not use the adjourned claims objection deadline as a predicate to further amend or supplement their Live Pleadings in the Adversary Proceeding. [Ward Decl., Ex. A]. Without explanation, the Windstream Defendants refused to enter into such a stipulation. [Ward Decl., Ex. B].

## Argument

7.     As noted by the Reorganized Debtors, the Supreme Court has stated that the analysis of a motion brought under Bankruptcy Rule 9006 to extend the claims objection deadline is "at bottom an equitable one, taking account of all relevant circumstances." [Dkt. No. 78, ¶ 12];

3

*Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These circumstances include the potential impact on judicial proceedings. [*Id.*].

8. Here, Saetec has pursued its breach of contract action against the Windstream Defendants, which forms the basis of the Adversary Proceeding, since October 2013. [AP Dkt. No. 1-16]. Defendants therefore have had more than seven years to amend or augment their pleadings during that period. In recognition of this, the Scheduling Order in the Adversary Proceeding permitted the Windstream Defendants to move (by February 15, 2021) to amend to add offset affirmative defenses – defenses they had raised toward the end of discovery in the State Court proceeding. [AP Dkt. No. 1-15, ¶ 4]. But, the Scheduling Order does not contemplate, and indeed does not permit, any other amendment. [*Id.*]. Therefore, any party to the Adversary Proceeding that seeks to amend its pleadings should have to move to amend the Scheduling Order and comply with the requirements of Fed. R. Civ. P. 16. In other words, the Debtors' request to extend the claims objection deadline should be interpreted as seeking only the right to assert omnibus objections to claims not previously objected to, and not to modify its objection to Saetec's claim, which already has been converted into the Adversary Proceeding.

9. To this point, Federal Rule of Bankruptcy Procedure 7016 specifically incorporates and applies Fed. R. Civ. P. 16 to adversary proceedings. Under Fed. R. Civ. P. 16, a schedule, such as the Scheduling Order here, may be modified only for good cause. *See Ocampo v. 455 Hospitality LLC*, 2020 US Dist LEXIS 245609, at *5 (S.D.N.Y. Feb. 19, 2020) (good cause requires that movant demonstrate they could not have met the applicable deadline despite their diligence).

10. The Windstream Defendants' refusal to stipulate that they will not use the extension of the claims objection deadline as grounds to further amend or supplement the Live Pleadings strongly suggests that they intend to use the extended deadline to circumvent the Scheduling Order,

4

their obligations under Fed. R. Civ. P. 16, and potentially delay resolution of the Adversary Proceeding.

11.  Given the time that has elapsed since the underlying State Court action first was commenced, and the fact that the Scheduling Order does not allow for further amendment of the pleadings, it would be inherently inequitable to permit the Windstream Defendants to use an extension of the claims objection deadline to avoid the Scheduling Order and Fed. R. Civ. P. 16. *See Pioneer Inv. Serv. Co.*, 507 U.S. at 395. Accordingly, Saetec respectfully requests the Court to order that any extension of the claims objection deadline does not permit amendment of the Live Pleadings in the Adversary Proceeding.

Dated:  April 7, 2021

**WARD GREENBERG HELLER & REIDY LLP**

By:  s/ Eric J. Ward
Eric J. Ward
Michael J. Adams

1800 Bausch & Lomb Place
Rochester, New York 14604
Telephone: (585) 454-0700
eward@wardgreenberg.com
madams@wardgreenberg.com

**BOYLAN CODE LLP**
Devin Lawton Palmer, Esq.
145 Culver Road, Suite 100
Rochester, New York 14620
Telephone: (585) 232-5300
Facsimile: (585) 238-9012
dpalmer@boylancode.com

*Attorneys for Saetec, Inc.*